UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VINH MA (A-Number: 226-163-619),

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-06715-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS

Docs. 1, 8

Petitioner Vinh Ma is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 6, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering that petitioner be provided a bond hearing. Doc. 8. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On October 21, 2026, respondents filed timely objections. Doc. 9.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. In their objections, respondents argue that, because petitioner was detained near the border, he is subject to the entry fiction doctrine and therefore has "only certain legal rights" and is not entitled to the

"to the same panoply of due process rights as someone, even someone illegally, inside the United States." Doc. 9 at 2. Respondents' argument that petitioner's detention does not implicate the Due Process Clause is incorrect because "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.'" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *see also Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (expressing "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the arbitrary deprivation of liberty would have thought so."); *Danilchyk v. Larose*, No. 26-cv-4200-RSH-BJW, 2026 WL 3002667, at *2 (S.D. Cal. Oct. 6, 2026) (agreeing with "the majority position that a person detained under Section 1225(b) may assert a due process challenge to prolonged mandatory detention without a bond hearing.").

Petitioner has been detained since March 2025 without any determination as to whether his continued detention serves a legitimate governmental interest or is arbitrary. Although respondents disagree with the analysis, the findings and recommendations correctly analogized petitioner's detention to other types of prolonged detention to examine whether petitioner's detention without a bond hearing violated due process. *See* Doc. 8; *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (due process required that detainee subject to detention under 8 U.S.C. § 1226(c) be given a bond hearing). The findings and recommendations correctly found that petitioner's detention had become unreasonably prolonged and that due process required that petitioner be provided with a bond hearing. Doc. 8.

Respondents also object to the recommendation that the government bear the burden of proof at any bond hearing. Doc. 9. But this court and other courts have found that when a noncitizen's detention under § 1225(b) has become unreasonably prolonged as here, the burden is on the government to show by clear and convincing evidence that petitioner is a flight risk or danger such that his continued detention is warranted. *See, e.g.*, *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120–21 (W.D. Wash. 2019); *Abdul-Samed v. Warden of Golden State Annex Detention Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025); *Kydyrali v. Wolf*, 499 F.

Supp. 3d 768, 774 (S.D. Cal. 2020); *Toktosunov v. Wamsley*, No. 2:25-cv-1724-TL, 2025 WL 3492858, at *6 (W.D. Wash. Dec. 5, 2025); *Baghdasaryan v. Warden of California City Detention*, No. 1:25-cv-01555-KES-EPG-HC, 2026 WL 381620, at *7 (E.D. Cal. Feb. 11, 2026), *findings and recommendations adopted by* 2026 WL 487824 (E.D. Cal. Feb. 20, 2026).

The Court ORDERS:

1. The findings and recommendations, Doc. 8, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents are ORDERED to provide petitioner Vinh Ma (A-Number: 226-163-619) with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
    a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
    b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.
4. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand.
5. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing.
6. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.
7. The Clerk of Court is directed to close this case and enter judgment for petitioner.

8. The Clerk is directed to terminate any remaining motions as moot.
9. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 27, 2026

UNITED STATES DISTRICT JUDGE